WIGGINTON, Judge.
Appellant, who was plaintiff in the trial court, has appealed from a final decree dismissing his complaint on the merits, confirming an order entered by appellee as Insurance Commissioner suspending appellant’s driver’s license, his registration and license plates issued with respect to a motor vehicle owned by him, and directing appellant to forthwith surrender the license, registration and plates to appellee.
A motor vehicle owned by appellant and registered pursuant to the laws of Florida, while being operated by a third person, was involved in an accident in the State of Michigan. Appellant, as owner of the vehicle, was jointly sued with the operator thereof for damages arising out of the accident. As a result, judgment was entered in favor of the injured party against appellant in a court of competent jurisdiction situate in Michigan. Upon appellant’s failure to pay the judgment rendered against him, a certified copy thereof was furnished to the Insurance Commissioner of Florida who notified appellant that unless the judgment was promptly paid an order of suspension would be entered against him. Upon appellant’s failure to pay the judgment in question, appellee entered an official order suspending appellant’s driver’s license, together with his registration and license plate issued in connection with the vehicle involved in the accident. Suit was instituted by appellant to restrain appellee from carrying into effect the order of suspension so entered.
The sole question presented for our determination is whether the Insurance Commissioner of Florida is empowered under the law popularly referred to as the “Financial Responsibility Law of 1955” to suspend the driver’s license, registration and license plates of a Florida citizen because of the latter’s failure to pay a judgment rendered against him in the State of Michigan for damages arising out of the operation of a vehicle owned by him on a cause of action arising in the latter state.
The Financial Responsibility Act of Florida was enacted in the year 1955 [1] and now appears in the revised statutes as Chapter 324. The declared legislative purpose and intent of the Act, as found in the first section thereof, is to recognize the existing rights of all to own motor vehicleo and to operate them on the public streets and highways of this state when such rights are used with due consideration for others; to promote safety and provide financial security by such owners and operators whose responsibility it is to recompense others for injury to person or property caused by the operation of a motor vehicle. It is here noted that the primary purpose of the Act is to promote safety on the public streets and highways of Florida, and to provide a means whereby those who suffer injury as a result of the negligent operation of such vehicles in this state may secure recompense for the damages suffered.[2] The Act requires all police officers of Florida to make written reports to the Insurance Commissioner of accidents involving a motor vehicle within the state resulting in body injury or property damage in excess of $50.[3] The Act provides that if the owner or operator of a motor vehicle involved in an accident in this state has no license or registration, he shall not be entitled to receive a license or registration until he has complied with the requirements of the law to the same extent that would be necessary if, at the time of the accident, he held a license and registration.[4]
We now move to remaining sections of the act which have an important bearing on *448 our decision. In the original Act adopted in 1955 it is provided in a separate section thereof that whenever any person fails within 60 days to satisfy any judgment upon the written request of the judgment creditor or his attorney, it shall be the duty of the clerk of the court or the judge of the court which has no clerk in which any such judgment is rendered within this state to forward to the commissioner immediately after the expiration of sixty days, a certified copy of such judgment.[5] It is eminently clear that the foregoing statute is applicable only to judgments rendered within the State of Florida. Immediately following the foregoing section the original Act contains a succeeding section which provides that the commissioner, upon the receipt of a certified copy of a judgment, shall forthwith suspend the license and registration of any non-resident’s operating privilege of any person against whom such judgment was rendered, except as otherwise provided.[6] Although this section of the statute does not clearly indicate that it is applicable only to the type of judgments mentioned in the preceding sections, that is to say, judgments rendered within this state, we think such conclusion is inescapable. This being so, the only power vested in the commissioner to suspend the driver’s license, registration and license plates of a Florida resident under this statute arises only when such resident fails within 60 days to pay a final judgment rendered against him arising out of an accident occurring within this state involving a motor vehicle owned or operated by him. It was under the authority of the last mentioned section of the statute that the Commissioner sought to suspend appellant’s driver’s license, registration and license plates. The chancellor evidently interpreted this section of the statute in accordance with the position taken by the Commissioner, and it was upon such interpretation that the chancellor dismissed appellant’s complaint and decided the issue in favor of the Commissioner.
Appellee takes the position that the last mentioned section of the statute empowering the Commissioner to suspend the license and registration of a resident of this state, or suspend the operating privilege of a non-resident of Florida, has no direct connection with the next preceding section of the statute which applies only to judgments rendered within this state. It is his contention that the critical statute vests the commissioner with powers of suspension regardless of whether the judgment in question is rendered by a state or federal court of competent jurisdiction in Florida or in any other state of this country. He fortifies his position by reference to that sub-section of the Act which defines “Judgment” as any judgment which shall have become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, for damages suffered.[7] We are unable to agree with appellee that the section of the Act which defines judgments coming within its scope can have the effect of so broadening the statute which vests the commissioner with powers of suspension as to bring within its purview *449 judgments rendered in cases involving accidents which occur outside of Florida. Insofar as concerns the commissioner’s authority to suspend the license and registration of a Florida citizen, or the operating privilege of the a nonresident, under § 324.-121 of the statutes, we construe the statutory definition of the word “Judgment” to apply to any judgment rendered by any state or federal court of competent jurisdiction either in Florida or any other state of the nation, but only in those instances where the cause of action arose out of a vehicular accident occurring within the State of Florida.
In defense of the decree appealed, and in further support of the interpretation which he has placed upon the statute under consideration, appellee cites us to a decision rendered by the Supreme Court of Appeals of West Virginia in the Nulter case.[8] In that case Nulter, a citizen of West Virginia, was involved in a motor vehicle accident in the State of New York which resulted in a judgment against Nulter in favor of the injured party. Upon Nulter’s failure to satisfy the New York judgment the State Road Commissioner of West Virginia suspended Nulter’s driver’s license pursuant to the Financial Responsibility Act of that state. In affirming the action of the State Road Commissioner, the court upheld the constitutionality of the West Virginia act. The opinion paraphrases the statute under which the Commissioner acted by saying that it provides upon the failure of a person for thirty days to satisfy a final judgment against him rendered by a court of competent jurisdiction within the United States or Canada, for damages on account of personal or property injury resulting from the operation of a motor vehicle, his license shall be forthwith suspended by the State Road Commissioner upon receipt from the court of entry of a certified copy of the judgment, together with a certificate of its finality and nonpayment. It is sufficient to say that the Financial Responsibility Act of Florida contains no provision similar to the provision of the West Virginia Act if we properly interpret the latter as paraphrased by the Supreme Court of Appeals of that state. We therefore do not consider the West Virginia decision to be persuasive in resolving the issue now considered.
Our interpretation of the statute above mentioned which authorizes the Commissioner to suspend driver’s licenses and registrations of Florida citizens and operating privileges of non-residents is supported by a consideration of those provisions of the Act relating to reciprocal agreements. The original Act of 1955 contains a section composed of two numbered paragraphs.[9] The first paragraph authorizes the Commissioner to establish reciprocal agreements with any other state for the purpose of fulfilling the provisions of the Act and pursuant to such agreements the Commissioner may suspend the license and registration of a resident of this state involved in an accident in another state. The second section provides that in the case of non-resident owners or operators, the Commissioner may notify the home state of such resident that the license and registration of such owner has been suspended and will not be restored until after compliance with the Act in the same manner required of resident owners and operators. The second section last mentioned was amended in 1957 to provide that when a non-resident’s operating privilege is suspended by the Insurance Commissioner of Florida, he shall transmit a certified copy of the record of such action to the appropriate officials of the reciprocating state in which the non-resident resides if the law of such reciprocating state provides for action in relation thereto similar to that provided in subsection three of *450 the amendment. The latter subsection provides that upon receipt of certification from the proper official of the reciprocating state that the operating privilege of a resident of this state has been suspended or revoked pursuant to a law providing for its suspension or revocation for failure to deposit a security for payment of judgments arising out of a motor vehicle accident under circumstances which would require the Commissioner of Florida to suspend a nonresident’s operating privilege had the accident occurred in this state, the Commissioner shall suspend the license of the Florida resident if he was the operator and all of his registrations if he was the owner of a motor vehicle involved in such accident.[10] Thus it is seen by the provisions of the original act, as later amended, the Insurance Commissioner of Florida is authorized to suspend the driver’s license and registration of a Florida citizen on account of a judgment rendered against him on a cause of action arising in another state of this nation only in the event the state in which the accident occurred has in force and effect a financial responsibility act similar to the one in effect in Florida, and then only in the event the Insurance Commissioner of Florida has entered into a reciprocal agreement with such sister state which protects the citizens of each state in the collection of judgments rendered in their favor for damages resulting from the negligent operation of motor vehicles by residents of reciprocating state. If in the case we now review it was made to appear that the Insurance Commissioner of Florida had entered into a reciprocal agreement with the corresponding official in the State of Michigan pursuant to the provisions of our Financial Responsibility Act, the order of suspension here assaulted would be properly authorized and would be upheld. The stipulated statement of facts contained in the record before us reveals that Florida has never entered into a reciprocal agreement with the State of Michigan pursuant to the provisions of the Financial Responsibility Acts which are now in effect in each of these states. This being the case, we find and so hold that the Commissioner was not authorized under the statute to suspend the license and registration of appellant on account of the accident involving the latter’s motor vehicle which occurred in the State of Michigan.
It is appellee’s position that the authority granted him to suspend licenses and registrations of Florida citizens for accidents occurring outside of this state under the reciprocal agreement provisions of the statute is merely permissive and cumulative of the suspension powers otherwise granted him under § 324.121 of the statute. If we accept the Commissioner’s contention in this regard it would appear rather obvious that the reciprocal agreement provisions of the statute would be meaningless and serve no useful purpose. Such construction of Sec. 324.121 of the statutes under which the Commissioner assumed to act in this case would produce a result whereby a Florida citizen who suffered a judgment to be entered against him on account of the negligent operation of his motor vehicle in a foreign state of this country could be penalized by having his driver’s license and registration in Florida suspended until such judgment was paid. However, if a nonresident inflicted damages on a Florida citizen through the negligent operation of his motor vehicle in this state, and suffered judgment to be entered against him, the only penalty which Florida could impose under the statute on such non-resident for failure to pay such judgment would be the withdrawal of his privilege to operate a motor vehicle over the streets and highways of Florida. Such penalty would be light indeed, and would not have the effect of coercing payment of the judgment rendered in favor of the Florida citizen. Such an interpretation would be unreasonable and not in conformity with the broad plan of financial responsibility as envisioned by the Act as a whole. It could only be pursuant *451 to the terms of a reciprocal agreement with the home state of the non-resident that the latter could be penalized in his home state by having the Florida judgment reported to the proper official of the non-resident’s home state who thereupon would be authorized to suspend the non-resident’s driver’s license and registration in his home state until the judgment in favor of the Florida citizen was paid. This is the penalty which the Commissioner has sought to impose on appellant even though Florida has no reciprocal agreement with the State of Michigan justifying such action.
The decree appealed is accordingly reversed and the cause remanded with directions that the relief prayed by plaintiff in his complaint be granted and that a decree be entered accordingly.
Reversed.
CARROLL, DONALD K, Chief Judge and RAWLS, J., concur.

. Ch. 29963, Laws of Florida, Acts of 1955.

. F.S. § 324.011, F.S.A.

. F.S. § 324.051, F.S.A.

. F.S. § 324.101, F.S.A.

.“Whenever any person fails within sixty days to satisfy any judgment, upon the written request of the judgment creditor or his attorney it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this state, to forward to the commissioner immediately after the expiration of said sixty days, a certified copy of such judgment.” BIS. § 324.111, F.S.A.

. “(1) The commissioner upon the receipt of a certified copy of a judgment, shall forthwith suspend the license and registration and any nonresident’s operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this section, and in § 324.141.” F.S. § 324.-121, F.S.A.

. F.S. § 324.021(10), F.S.A.

. Nulter v. State Road Commission of West Virginia, et al., 1937, 119 W.Va. 312, 193 S.E. 549, 194 S.E. 270.

. § 324.06 of Oh. 29963, Laws of Florida, Acts of 1955.

. F.S. § 324.081(2) (3), F.S.A.